UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
SHMUEL LOWENBEIN
on behalf of himself and
all other similarly situated consumers

                                 Plaintiff,

         -against-


EXPERIAN INFORMATION SOLUTIONS, INC.
AND AMERICAN HONDA FINANCE CORPORATION

                             Defendants.

--------------------------------------------------------

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FCRA

### *Introduction*

1. Plaintiff Shmuel Lowenbein seeks redress for the illegal practices of Experian Information Solutions, Inc. and American Honda Finance Corporation in violation of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (FCRA) and the New York Fair Credit Reporting Act, NY CLS Gen. Bus. § 380, et seq. (NY FCRA).

2. The FCRA and NY FCRA prohibit furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

### *Parties*

3. Plaintiff is a citizen of the State of New York who resides within this District.

4. Plaintiff is a consumer as defined by 15 U.S.C. § 1681a et. seq.

5. Defendant Experian Information Solutions, Inc. is a Credit Reporting Agency ("CRA") that engages in the business of maintaining and reporting consumer credit information.

6.    Upon information and belief, Defendant Experian Information Solutions, Inc.'s principal place of business is located in Costa Mesa, California.

7.    Defendant, American Honda is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 et seq.].

8.    Upon information and belief, Defendant American Honda Finance Corporation's principal place of business is located in Holyoke, Massachusetts.

9.    Defendant Experian Information Solutions, Inc. is a "Consumer Reporting Agency" (CRA) as defined by 15 U.S.C. 1681a(f) et. seq.

### Jurisdiction and Venue

10.    This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11.    All conditions precedent to the bringing of this action have been performed.

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Shmuel Lowenbein

13.    Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Experian Information Solutions, Inc. and American Honda Finance Corporation, and has suffered particularized and concrete harm.

14.    Plaintiff Shmuel Lowenbein disputed an American Honda account #114448XXX that appeared on his credit report directly with American Honda in 2018.

15.    Defendant American Honda itself, admitted to the Plaintiff that he was in fact, not liable for any vehicle damages.

16.    Upon the Plaintiff disputing the said account, American Honda instructed Trans Union and Equifax to have the account removed from the Plaintiff's credit reports.

17. American Honda, however, failed to instruct Experian to remove the said account.

18. Plaintiff then disputed the American Honda account that appeared on his credit report directly with Experian in early 2019.

19. Thereafter, Experian notified the Plaintiff that it had initiated an investigation into the said dispute.

20. Experian's investigation did not resolve the dispute and Plaintiff subsequently filed a statement of dispute with Experian on or about May 20, 2019.

21. Section 1681i(c) of the FCRA provides: "Whenever a statement of a dispute is filed . . . the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."

22. Plaintiff obtained his consumer credit report from Experian on or about June 18, 2019 and found that Experian had not included Plaintiff's statement of dispute in the credit report.

23. More importantly, after Plaintiff's May 20, 2019 dispute, instead of Experian removing the American Honda account, Experian updated the "Payment Status" to "Charge-off", which caused the Plaintiff's credit score to drop significantly.

24. 15 U.S.C. § 1681i provides the procedure by which a consumer reporting agency ("CRA") must abide whenever a consumer disputes an item contained in his or her credit file.

25. Section 1681i(a) outlines the reinvestigation that the CRA must undertake after the consumer notifies the CRA of the dispute.

26. Section 1681i(b) in turn, permits the consumer to file a "statement of dispute" with the CRA in the event that the reinvestigation fails to resolve the dispute.

27.   Finally, Section 1681i(c) requires any consumer report produced subsequent to the filing of the statement of dispute to clearly note the dispute "and provide either the consumer's statement or a clear and accurate codification or summary thereof."

28.   Subsequent to Experian's receipt of the Plaintiff's statement of dispute, Experian issued consumer reports without in any way indicating to the users of the reports that certain information contained therein was disputed by Plaintiff and failed to include a copy of Plaintiff's statement of dispute.

29.   Defendant Experian intentionally failed to include the statement of dispute with later copies of the Plaintiff's consumer reports.

30.   Plaintiff's May 20, 2019 "Statement of Dispute" letter, sent in response to Defendants' reinvestigation results constitutes a "statement of dispute" under 15 U.S.C. § 1681i(b).

31.   The "Statement of Dispute" letter was sent after Plaintiff's request for a reinvestigation yielded no change in the status of the account on Plaintiff's credit report.  This is precisely the process that § 1681i requires.

32.   Plaintiff clearly provided sufficient detail in his May 20, 2019 "Statement of Dispute" letter to put the Defendants on notice as to the nature of the dispute, yet both American Honda and Experian disregarded the nature of the said dispute.

33.   The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010).

34.   Defendants violated § 1681i(c) of the FCRA since Plaintiff disputed the accuracy of the above mentioned information in his credit file and then notified Defendants of the dispute.

35. Despite having furnished information from American Honda and the dispute from the Plaintiff, Experian has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever its customer, American Honda has chosen to say.

36. Defendant, American Honda has promised through its subscriber agreement or contracts to accurately update accounts but American Honda has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the erroneous information on Plaintiff's credit report.

37. The United States Court of Appeals for the Fourth Circuit held, that the FCRA requires furnishers to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient, but potentially incomplete or inaccurate customer account information. See Johnson v. MBNA America Bank, No. 03123S (February 11, 2004).

38. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007). (To achieve this goal, it "imposes some duties on the sources that provide credit information to CRAs, called 'furnishers' in the statute."), Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009). (These duties are triggered whenever a credit reporting agency notifies the furnisher that a consumer has disputed information that it provided to the agency. Id.; 15 U.S.C. § 1681s-2(b) (1). Once this occurs, the furnisher must "conduct an investigation

with respect to the disputed information," "review all relevant information provided by the consumer reporting agency" about the dispute, and correct any inaccuracies. Id.), see also <u>Nelson v. Chase Manhattan Mortg. Corp.</u>, 282 F.3d 1057, 1059 (9th Cir. 2002). (Describing furnisher's duties under the FCRA). If the furnisher fails to carry out any of these duties, the consumer who initiated the dispute may sue the furnisher. 15 U.S.C. § 1681o; *Nelson*, 282 F.3d at 1059. See also <u>Haynes v. Chase Bank U.S.A., N.A.</u>, Docket No. 7:18-cv-03307 (S.D.N.Y. Apr 16, 2018). ([The Judge] conclude[s], therefore, based on the foregoing allegations in the complaint that the complaint, if true -- and I need to accept it as true -- states a cause of action against Chase for breach of the discharge under Sections 727 and 524(a)(2) of the Bankruptcy Code for intentionally assisting in the collection of discharged debt by not correcting the debtors' credit reports to reflect that the debt has, in fact, been discharged.), <u>Venugopal v. Citibank, National Association</u>, Docket No. 5:12-cv-02452 (N.D. Cal. May 14, 2012). (Construed in the light most favorable to Plaintiff, this report supports Plaintiff's claim that Citibank continued to misreport Plaintiff's debt history even after Plaintiff initiated his dispute with Experian. Accordingly, he has stated a valid claim under the FCRA.)

39.     It is only after receiving the CRA's notice of the consumer's dispute that a furnisher can be liable to the consumer for its failure to participate in the investigation process as required by the statute.  A failure of the CRA to forward the dispute to the furnisher relieves the furnisher of its obligation to investigate.

40.     However, the furnisher that establishes this defense necessarily establishes the consumer's alternative claim that the CRA breached its statutory duty to notify the furnisher.[1]

41.     These litigation alternatives illustrate that whether the CRA or the furnisher (or both) is ultimately responsible for the failure to properly investigate the consumer's dispute is virtually impossible to know prior to formal discovery. Accordingly, the consumer is well advised to join claims against both the furnisher and the CRA when suing either for breaching its investigation duties. This proposition has been expressly endorsed by at least one federal court.

42.     Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000, for punitive damages, as well as for costs and attorney fees.

43.     As in all FCRA cases, a necessary element of establishing furnisher liability is proof of damages—actual, statutory, or punitive. Thus, the consumer must either establish a willful violation permitting an award of statutory and punitive damages or have suffered damages in connection with a negligent violation. The FCRA is not a strict liability statute, so merely showing that the furnisher did not comply with one of its duties will not establish liability.

---

[1] Snyder v. Nationstar Mortg. L.L.C., 2015 WL 7075622 (N.D. Cal. Nov. 13, 2015) (allegation of an inaccurate tradeline that the furnisher failed to correct or delete as part of the investigation process necessarily states a claim for a violation of that duty under § 1681s-2(b)(1)(E)); Abdelfattah v. Carrington Mortg. Serv. L.L.C., 2013 WL 495358 (N.D. Ca. Feb. 7, 2013) (complaint stated a claim for relief because it alleged a objectively false debt balance that failed to account for foreclosure sale proceeds, and thus showed that the furnisher "did not correct the report after notice and time to investigate)

44. The Defendants' subsequent reinvestigation of the item failed to resolve the dispute so the Plaintiff filed a statement of dispute with Experian and Experian failed to include the statement of dispute with later copies of the Plaintiff's consumer report and reported the debt as "Charge-off" account.

45. If American Honda did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's American Honda account would be updated to reflect a status with a balance of $0.00 instead of "Charge-off".

46. American Honda has promised through its subscriber agreements or contracts to accurately update accounts but American Honda has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and NY FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

47. Inaccurate information was included in the Plaintiff's credit report.

48. The inaccuracy was due to the Defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

49. The Plaintiff suffered injury.

50. The consumer's injury was caused by the inclusion of the inaccurate entry.

51. The Plaintiff had recently attempted to apply for the financing of an automobile and was subsequently declined by the finance company.

52. The reason given to the Plaintiff for this decision was due to the fact that the June 20, 2019 Experian credit report that the finance company had obtained and reviewed "reflected a charge off from American Honda." (See attached exhibit)

53.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

54.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

55.     When a consumer notifies a debt collector that the consumer disputes "the completeness or accuracy of any item of information contained in a consumer's file" the debt collector must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" within 30 days of receiving the consumer's dispute. 15 U.S.C. § 1681i(a)(1)(A). As part of the investigation, the debt collector must "provide notification of the dispute to any person who provided any item of information in dispute," and the notice must "include all relevant information regarding the dispute that the agency has received from the consumer…." 15 U.S.C. § 1681i(a)(2)(A).

56.     If a consumer disputes an account that appears on his or her credit, the debt collector must investigate to determine whether the account pertains to that consumer and should be part of that consumer's credit history. As part of the investigation, the debt collector must notify the source of the disputed account about the consumer's dispute and provide the source with all the relevant information provided by the consumer. Alternatively, the debt collector or the credit reporting agency can delete the derogatory information.

57.   Defendants Experian and American Honda have long been aware of thir obligations to properly investigate consumer disputes. It had the benefit of plain, unambiguous statutory language requiring a reasonable investigation of "the completeness or accuracy of **any item** of information contained in a consumer's file" that is disputed by that consumer. 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

58.   The Eleventh Circuit Court of Appeals has held that a consumer reporting agency like Defendant Experian, violates section 1681i(a)(1) if it fails to do a reasonable reinvestigation when a consumer disputes "information contained in his file." Collins v. Experian Info. Sol's, Inc., 775, F.3d 1330, 1335 (11th Cir. 2015) ("[a] file is simply the information retained by the consumer reporting agency.").

59.   Other courts of appeals have for many years also instructed CRAs to reinvestigate any item that it reports and that a consumer disputes, regardless of the context. See Cortez v. Trans Union, LLC, 617 F.3d 688, 711-13 (3d Cir. 2010) (OFAC terrorist alerts that CRA keeps off site with another company but placed on its credit reports are in the consumer file and must be reinvestigated); Morris v. Equifax Info. Serv's, LLC, 457 F.3d 460, 466-68 (5th Cir. 2006) (Equifax must reinvestigate store charge account that is on file kept by one of Equifax's affiliates but which can be sold by Equifax in its credit reports); Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986); Bryant v. TRW, Inc., 689 F.2d 72 (6th Cir. 1982); Dennis v. BEH-1, LLC, 520 F.3d 1067 (9th Cir. 2008); Steed v. Equifax Info. Serv's, LLC, No. 1:14-cv-0437-SCJ, 2016 WL 7888039, at *4 (N.D. Ga. Aug. 31, 2016).

60.   Defendants' failure to investigate disputed account information is a result of its standard policies and practices adopted in reckless disregard of consumers' rights under the FCRA.

61.  Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, based on Defendants' failure to comply with 15 U.S.C. §§ 1681i(a)(1) and 1681i(a)(2).

62.  This cause of action is brought on behalf of Plaintiff and the members of a class.

63.  The class consists of all persons whom Defendants' records reflect resided in the State of New York, who notified Defendants Experian and / or American Honda of a dispute of an account appearing in their Experian credit files and to whom the Defendants Experian failed to include the statement of dispute with later copies of the Plaintiff's consumer report and reported the debt as "Charge-off" account, during the period beginning two years prior to the filing of this action and through the time of judgment.

64.  The class is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to the Defendants Experian, Defendants Experian has represented that it receives approximately 10,000 disputes a day, amounting to millions of disputes each year. Accordingly, Plaintiff estimates that each class has thousands of members.

65.  There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members. The principal questions are whether Defendants Experian violated the FCRA by failing to reinvestigate and contact the source of the disputed inquiry, or delete it; and whether the violations were willful.

66.  Plaintiff's claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theory: a dispute to Experian, one which Experian did not investigate or delete as required by 15 U.S.C. § 1681i(a)(1) and (2). Plaintiff received results of his disputes from Defendants Experian with standard form

language. Plaintiff's claim is typical of the two-year class because he made his dispute within two years.

67. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter and have retained counsel experienced in handling class actions and claims under the FCRA. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue these claims.

68. This action should be maintained as a class action because questions of law and fact common to class members predominate over any questions affecting only individual class members, and because a class action is a superior method for the fair and efficient adjudication of this controversy. Experian's conduct described in this Complaint stems from standard policies and practices, resulting in common violations of the FCRA. Class members do not have an interest in pursuing separate actions against Experian, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Experian's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

69. This action should be maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the party opposing the class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of

the interests of class members not parties to the adjudications or substantially impair or impede their ability to protect their rights.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681i et. seq.*

**Failure to Conduct Reasonable Investigation and Maintain Reasonable Accuracy**

70. At all times mentioned in this Complaint, Experian was a "consumer reporting agency," as referred to in 15 U.S.C. § 1681a(e).

71. At all times mentioned in this Complaint, American Honda was a Furnisher of information as referred to in 15 U.S.C. § 1681s-2 of the FCRA.

72. At all times mentioned in this Complaint, American Honda was a federally registered trade mark representing the furnisher for a disputed account which is the subject of this action.

73. American Honda is reporting inaccurate credit information concerning the Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

74. Prior to the commencement of this action, Plaintiff disputed certain information about an American Honda account directly with American Honda and Experian.

75. American Honda itself, had admitted to the Plaintiff back in 2018 that the Plaintiff was not liable for any vehicular damages.

76. Experian subsequently notified the Plaintiff that it would investigate the said dispute.

77. Experian's investigation did not resolve the dispute and Plaintiff subsequently filed a statement of dispute.

78. The disputed account appeared on Plaintiff's Experian consumer report and in his file maintained by Experian, yet did not include the said statement of dispute.

79. The United States Court of Appeals for the Fourth Circuit held, that the FCRA requires

furnishers to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient, but potentially incomplete or inaccurate customer account information. See <u>Johnson v, MBNA America Bank</u>, No. 03123S (February 11, 2004).

80.     Defendants' investigation process did not live up to the standards of <u>Johnson v, MBNA America Bank</u>, No. 03123S (February 11, 2004).

81.     Defendants' investigation process did not live up to the standards of the Federal Trade Commission in the matter of <u>U.S. v. Performance Capital Mgmt.</u> (Bankr. C.D. Cal. Aug. 24, 2000).

82.     Defendants violated the duty under 15 U.S.C. 1681i by verifying the above referenced account without obtaining any documentation in support of its contention that Defendants were legally responsible for the account.

## **LIABILITY AND DAMAGES**

83.     Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

84.     At all times mentioned in this Complaint, various employees and/or agents of Defendants were acting as agents of Defendants and therefore Defendants were liable to for the acts committed by its agents and/or employees under the doctrine of respondent superior.

85.     At all times mentioned in this Complaint, employees and/or agents of Defendants were acting jointly and in concert with Defendants, and Defendants is liable for the acts of such employees and/or agents under the theory of joint and several liability because Defendants and its agents or employees were engaged in a common business venture and were acting jointly and in concert.

86.     Plaintiff believes and asserts that he is entitled to $1,000.00 in statutory damages, pursuant to 15 U.S.C. § 1681 et. seq.

87.     Plaintiff believes and asserts that Defendants' actions were willful and intentional.

88.     Because Defendants' acts and omissions were done willfully, Plaintiff requests punitive damages.

89.     Plaintiff requests punitive damages against Defendants in the amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n et. seq. and other portions of § 1681 et. seq.

90.     For purposes of a default judgment, Plaintiff believes that the amount of such punitive damages should be no less than $9,000.00.

91.     Plaintiff is also entitled to attorney fees pursuant to 15 U.S.C. § 1681 et. seq.

92.     Plaintiff is entitled to any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION

### *(New York Fair Credit Reporting Act)*

93.     Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

94.     Defendants Experian and American Honda failed to delete information found to be inaccurate, reinserted the information without following the NY FCRA, or failed to properly investigate Plaintiff's disputes.

95.     Defendants Experian and American Honda failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of their investigation, their decision on the status of the information, and his rights pursuant to this section in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(a).

96.     Defendants Experian and American Honda failed to clearly note in all subsequent

consumer reports that the account in question is disputed by the consumer in violation of NY FCRA, N.Y. Gen. Bus. Law § 380-f(c)(3).

97.    As a result of the above violations of the N.Y. FCRA, Defendants Experian and American Honda are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

     a)  Actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

     b)  Punitive damages pursuant to 15 U.S.C. § 1681n;

     c)  Attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

     d)  Attorney's fees pursuant to N.Y. Gen. Bus. Law § 380-m; and

     e)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
November 28, 2019

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

-16-

# ENTOURAGE AUTO LEASING INC

2030 Utica Ave
Brooklyn NY, 11234
Office: 718-717-2323 Fax: 718-690-9501

Jun 21st 2019

Dear Shmuel lowenbein ,

We have reviewed your  application dated  Jun 20th 2019 for a new auto finance however  at this time we cannot approve your application for the request of finance.

The Experian Credit report you submitted dated Jun 20th reflected a charge off from American Honda.

**ENTOURAGE**
*AUTO LEASING & SALES*
2030 Utica Avenue
Brooklyn, NY  11234
Tel: 718-717-2323